# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VEDUSHKA RODRÍGUEZ-FIGUEROA, Plaintiff<br><br>v.<br><br>Daniel Patrick Driscoll, Secretary of the Army, DEPARTMENT OF THE ARMY, Defendants | CIVIL NO. 3:26-cv-1114<br>Employment Discrimination – Title VII<br>**Sex / Disability / Retaliation / National Origin**<br>Rehabilitation Act<br>**Hostile Work Environment**<br>**Failure to Accommodate**<br>Exhaustion – Agency Inaction<br>*Demand for Jury Trial* |

## COMPLAINT

**TO THE HONORABLE COURT:**

The Plaintiff **Vedushka Rodriguez-Figueroa** a female *federal employee*, who suffered a work-related injury (rotator cuff tear) on September 29, 2020, brings this *civil action* to remedy acts of workplace discrimination perpetrated against her by defendants. Plaintiff asserts unlawful acts of discrimination, which included a *hostile work environment*, because of her *gender, national origin*, and *disability*, were perpetrated against her by the employer-defendant the Department of the Army (Hereinafter "Defendant"). Defendants violated her rights under federal law protecting federal workers from discrimination because of her **sex/*gender***, ***national origin***, and ***disability***. Plaintiff's Supervisors/ and responsible management officials created a hostile work environment against plaintiff for engaging in protected activity, *after* she complained about work environment, by taking **retaliatory** actions for exercising her rights as result of the plaintiff having engaged in *protected activity*.

1

I. INTRODUCTION

1. This is a civil action for declaratory, injunctive, and monetary relief arising from Defendants' unlawful discrimination, retaliation, and failure to accommodate the plaintiff **Vedushka Rodríguez-Figueroa** ("Plaintiff"), a federal civilian employee of the **Department of the Army**, culminating in her unlawful removal from employment and her constructive exclusion from the workplace.

2. Plaintiff was subjected to years of sex-based harassment, a hostile work environment, disparate treatment (gender/national origin), and work disability discrimination (failure to accommodate), followed by adverse actions taken while she was under documented medical care for her work-related injuries. Defendants *failed* to engage in the interactive accommodation process required by federal law and *instead* pursued discipline and removal.

3. Plaintiff timely initiated the Equal Employment Opportunity ("EEO") process. However, more than 180 days have elapsed since filing of her formal EEO complaint and completion of Report of Investigation ("ROI"), yet the Department of the Army has *failed* to issue a Final Agency Decision. Plaintiff has therefore exhausted administrative remedies by operation of law and is now entitled to file.

4. Defendants' conduct violates *Title VII* of the Civil Rights Act of 1964, as amended, the *Rehabilitation Act of 1973*, and applicable federal regulations governing federal-sector employment discrimination. She asks what is fair and just.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and Section 505 of the Rehabilitation Act, 29 U.S.C. §794a.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(e) and 42 U.S.C. §2000e-5(f)(3), because the Plaintiff was employed in Puerto Rico and the unlawful employment practices occurred within this judicial district.

7. This action also seeks declaratory relief pursuant to 28 U.S.C. §§2201–2202. Plaintiff also seeks compensatory damages (emotional distress) and jury trial, back pay, front pay, attorneys' fees and injunctive relief, under the Civil Rights Act of 1991, pursuant to 42 U.S.C. §§1981a.

## III. ADMINISTRATIVE EXHAUSTION

8. The Plaintiff promptly contacted an EEO counselor in 2022, later filed her *formal* EEO complaint, and cooperated fully with the agency investigation. Where she alleged among other things, that while she was under FMLA leave, her supervisors placed AWOL, had failed to provide her reasonable accommodations, as result of her work-related injury (rotator cuff tear) on September 29, 2020, she also complained that her Supervisors began to create a hostile work environment and continued harassing her because of her gender with derogatory verbal remarks about

her sex, while continuing to harass her because of her injury/physical condition. She was at all times a disabled person within the meaning of the Rehabilitation Act/ADA.

9. The Department of the Army completed its Report of Investigation. But the Agency failed to issue to her a Final Agency Decision.

10. More than 180 days have elapsed since Plaintiff filed her formal EEO complaint and since agency received the ROI, *no* Final Agency Decision has been issued. Accordingly, she has *exhausted* required administrative remedies and is entitled to bring an action pursuant to 42 U.S.C. §2000e-16(c)/29 C.F.R. §1614.407. DA Dockt Number: ARUSAR22JUN02644 / AFRC-EEO (690-600a)

IV. PARTIES

11. Plaintiff **Vedushka Rodríguez Figueroa** is *female* citizen of the Commonwealth of Puerto Rico and, at all relevant times, was employed as a Heavy Mobile Equipment Repairer with the Department of the Army, Army Reserve, Area Maintenance Support Activity (AMSA) 161, in Puerto Rico. She is a *disabled* person within the meaning of the Rehabilitation Act/ADA (rotator cuff tear) and identifies herself as someone of *Puerto Rican National Origin*.

12. Defendant **Daniel Patrick Driscoll** is the Secretary of the Army and is sued in his official capacity as head of ***the Department of the Army***, an executive agency of the United States. The ***Department of the Army*** is Plaintiff's employer within the meaning of Title VII and the Rehabilitation Act.

4

## V. FACTUAL ALLEGATIONS

13. Plaintiff began her federal civilian employment with the Department of the Army in or about 2016. At all times relevant to this complaint, she was employed as a Heavy Mobile Equipment Repairer, working at the 81st. Readiness Division, Area Maintenance Support Activity (AMSA) 161. She identified herself as female of Puerto Rican origin. From the outset of her employment, she was subjected to sex-based harassment and discriminatory comments by her *male* coworkers, including statements insinuating that she obtained her position through sexual favors and that the position she acquired was "a job for men."

14. Plaintiff's competence and qualifications were repeatedly questioned in a manner not imposed on male employees. She was isolated in the workplace, denied equal integration into the work teams, and subjected to humiliating and degrading treatment *because* of her sex.

15. Plaintiff reported and opposed this conduct, placing Defendants *on notice* of the hostile work environment. Defendants failed to take prompt or effective remedial action.

16. In addition to sex-based harassment, the Plaintiff suffered serious work-related physical injuries, including *bilateral rotator cuff injuries (rotator cuff tear)*, on September 29, 2020, which substantially limited her major life activities and constituted a disability within the meaning of the Rehabilitation Act.

17. Plaintiff promptly provided medical documentation and requested *reasonable accommodation*. Rather than engaging in the required *interactive* process, Defendants pressured Plaintiff to return to work, questioned her medical status, and treated her absences as misconduct (AWOL) instead of LWOP/FMLA.

18. Plaintiff promptly engaged in protected activity by contacting the EEO to file a complaint alleging that she was discriminated against by the United States Army Reserve Command, 81st. Readiness Division, in Aguadilla, PR, on the basis of sex (female), national origin (Puerto Rico) and her disability (physical) when she was subjected to a pattern of harassment and hostile work environment beginning in or about June 2021. She reported: (a) that between June 2021 and the September 8, 2022, her immediate supervisor, Gabriel Ramos, provided her with outdated FMLA forms, rushed her to have the forms completed within 5 days, refused to approve her FMLA request, charged her as Absent Without Leave and threatened to terminate her, and (b) between June 2021 and September 8, 2022, her supervisor Gabriel Ramos ignored her emails, continued to ask for more medical documentation, and threatened her with administrative action, including her removal. She alleged that this was retaliation for her previous protected activity, when she was subjected to a pattern of harassment and hostile work environment, when, (c) September 8, 2022, her supervisor Garbriel Ramos issued a notice of proposed removal to the plaintiff.

19. During plaintiffs' employment history she had reported unlawful work practices to management and the EEOC. Which shows a history of ongoing workplace discrimination, which eventually led to unlawful termination of employment. Plaintiff reported that soon after she started her job in October 2016, her coworkers made insulting sexually harassing comments insinuating she obtained her job through sexual means; in or about December 2017, plaintiff was not selected for a Maintenance Administrative and Supply Technician position; in March 2018, plaintiff coworkers again made derogatory comments because of her gender, claiming that being a woman in a job that is for "men", her coworkers also used the female bathroom while she was inside, kept her toolbox away from other male employee toolboxes and minimized her performance; in October 2018, the plaintiff informed her supervisors Johnathan Ramos and Gabriel Ramos, and Elmer Cruz, of the ongoing sexual harassment, but they failed to take corrective action; in June 2020, the plaintiff reported the issue she was having with Shop Manager Cruz, and her safety concerns to Shop Supervisor Johnathan Ramos, and he failed to take action; in July 2020, the plaintiff made another report about male coworkers using the female bathroom, to Supervisory Maintenance Specialist, Shavonta Gaynor, but he also failed to take corrective action to stop the ongoing harassment towards her; shortly after on September 29, 2020, the plaintiff was injured on the job, and no one took her to the emergency room, despite informing Supervisors about her severe

pain and that she was feeling faint; and finally on October 3, 2020, the plaintiff sought workman's compensation guidance from supervisors and she was not provided any support or assistance. These allegations show ongoing harassment and a toxic work environment, where ongoing sexual harassment and discrimination, were left unattended by defendants, who failed to take immediate corrective action.

20. The documented boys club atmosphere of ongoing sexual harassment and hostile work environment against the plaintiff, intensified shortly after October 2021, when coworkers continued to make derogatory comments about her gender, because she is a woman, continued to use the female bathroom while she was in it and sought to exclude her from advancement opportunities. On June 6, 2022, she requested the use of FMLA but was denied by supervisor Gabriel Ramos. Her supervisors continued to code her as AWOL instead of LWOP/FMLA, despite a documented medical condition and ongoing medical treatment. On June 21, 2022, plaintiff-initiated contact with EEOC counselor Jamine Cram and on August 25, 2022, she received a notice of the right to file a formal complaint of discrimination. She filed her formal EEOC complaint of discrimination, where she alleged discrimination because of her: (1) sex (female); (2) national origin (Puertorrican); and (3) Disability (physical). Plaintiff complained that her male coworkers made derogatory comments about her, including that she had slept with her supervisor Fonanez, to obtain her job; she complained about male coworkers making

derogatory comments directed at her to the effect that she should not be (as a woman) in a job that is for "men". Several employees sought to exclude her from workplace by making such comments and removing her toolbox and placing her toolbox far away from the others. In her formal complaint she reported that another female Erika Zayas had full knowledge of her situation and the sexiest derogatory comments, Zayas sought a transfer to try to avoid this toxic environment. Plaintiff reported that the reported to supervisor Rafale Natal, the situation with male coworkers using the female bathroom.

21. Responsible management officials (male) who failed to take immediate corrective action were Gabriel Ramos, Heavy Mobile Equipment Mechanic Supervisor; Elemer Cruzrivera, Heavy Mobile Equipment Supervisor; Johnathan Ramos, Heavy Mobile Equipment Supervisor; and Shavonta Gaynor, Supervisory Maintenance Specialist. They allowed discriminatory conduct to continue, and failed to take corrective action or to protect the plaintiff from subsequent retaliation.

22. Shortly after plaintiff filed her EEOC charge of discrimination in 2022, defendants issued adverse actions related to her leave, AWOL accusations, and ultimately a Notice of Proposed Removal *while* Plaintiff was under medical care.

23. On September 8, 2022, the Plaintiff received the Notice of Proposed Removal from her federal employment, from her Supervisor Grabriel Ramos Alicea, the very *same day*, she submitted her *Formal* EEO Complaint. The pretextual excuse

to terminate her federal employment: "…for physical inability to fully perform the duties of your position" Defendants sought to exclude the plaintiff from work, using her physical disability as a pretextual excuse and failed to provide her with any kind of reasonable accommodation. Despite the work-related shoulder injury. Defendants made such self-serving determination, *after* the plaintiff had contacted the EEOC. The removal of federal employment became effective 30 days after said notification.

24. However, on October 20, 2022, the United States Office of Personnel Management *approved* Plaintiff's application for Federal Employees Retirement System ("FERS") disability retirement, finding her *disabled* from performing her position. This determination confirms the legitimacy of Plaintiff's medical condition and Defendants' failure to accommodate. Despite this objective determination, the Defendants *proceeded* with adverse employment actions instead of accommodating Plaintiff or placing her in an appropriate position/status.

25. Defendants' actions were motivated by discriminatory animus based on sex (gender) and disability, and in retaliation for Plaintiff's protected EEO activity.

## VI. CAUSES OF ACTION

**COUNT I Sex Discrimination and Hostile Work Environment**
**(Title VII – 42 U.S.C. § 2000e-16)**

26. Plaintiff incorporates by reference the foregoing paragraphs.

27. Defendants subjected Plaintiff to unwelcome conduct based on sex, including derogatory comments, humiliation, and disparate treatment.

28. The conduct was severe and pervasive, altered the terms and conditions of Plaintiff's employment, and created a hostile and abusive work environment.

29. Defendants knew or should have known of the harassment and failed to take prompt corrective action.

### COUNT II Disability Discrimination and Failure to Accommodate
### (Rehabilitation Act – 29 U.S.C. § 794)

30. Plaintiff incorporates by reference the foregoing paragraphs.

31. Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act.

32. Defendants *failed* to provide *reasonable accommodation*, failed to engage in the interactive process, and instead subjected Plaintiff to adverse actions *because* of her disability.

33. Defendants' conduct violated Section 501 of the Rehabilitation Act and its implementing regulations.

### COUNT III Retaliation
### (Title VII and Rehabilitation Act)

34. Plaintiff incorporates by reference the foregoing paragraphs.

35. Plaintiff engaged in *protected activity* by opposing discrimination and filing EEO complaints.

36. Defendants subjected Plaintiff to materially adverse actions, including heightened scrutiny, disciplinary measures, and removal, *because* of her protected activity.

37. Defendants' actions would dissuade a reasonable employee from engaging in protected EEO activity.

### COUNT IV National Origin and Hostile Work Environment
### (Title VII – 42 U.S.C. § 2000e-16)

38. Plaintiff incorporates by reference the foregoing paragraphs.

39. Plaintiff is of Puerto Rican national origin and belongs to a protected class under Title VII of the Civil Rights Act of 1964.

40. Defendants subjected Plaintiff to disparate treatment, heightened scrutiny, and adverse employment actions *because* of her Puerto Rican national origin.

41. Plaintiff was treated less favorably than similarly situated non-Puerto Rican and/or mainland-based employees, including with respect to credibility, discipline, leave administration, and adverse action decisions.

42. The discriminatory conduct was severe and pervasive, contributed to a hostile work environment, and materially altered the terms and conditions of Plaintiff's employment.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' acts and omissions violated Title VII and the Rehabilitation Act;

B. Award Plaintiff back pay, front pay, and all lost benefits;

C. Award compensatory damages for emotional distress, pain and suffering, and loss of dignity;

D. Order appropriate equitable relief, including corrective personnel actions and expungement of adverse records;

E. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k) and 29 U.S.C. §794a;

F. Grant pre- and post-judgment interest; and

G. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 27th. Day of February 2026.

Respectfully submitted,

/S/ Winston Vidal-Gambaro
Winston Vidal-Gambaro
**USDC-PR 130401**
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: wvidal@prtc.net

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading will be served by U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                             /S/ Humberto Cobo-Estrella, Esq.
                                               *Attorney for the Plaintiff*